**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**DANVILLE DIVISION**

**ANTHONY BURTT,**

**Plaintiff,**

**v.** **Case No. 4:07cv00038**

**FORD MOTOR COMPANY, et al.,**

**Defendants.**

## BARKHOUSER MOTORS INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST IT

**COMES NOW Barkhouser Motors, Inc. ("Barkhouser Motors"), by counsel, and in opposition to Anthony Burtt's Motion for Partial Summary Judgment against it, submits the following arguments and authorities:**

## PROCEDURAL BACKGROUND

**This matter was filed on September 14, 2007. Plaintiff's Complaint names as defendants Ford Motor Company ("Ford"), Barkhouser Motors, James Barkhouser and Benjamin Powell, Jr. All defendants have filed responsive pleadings within the prescribed time. Additionally, Barkhouser Motors filed a Counterclaim against the Plaintiff alleging actual or constructive fraud, breach of contract and bailment. In response, Plaintiff has filed a Motion to Dismiss pursuant to Rule 12(b)(6) with regard to the fraud and contract counts. Additionally, Plaintiff has filed separate motions for partial summary judgment against both Barkhouser Motors and Ford. In response, Ford has moved the Court to stay its response to the summary judgment motion filed**

with regard to it or, in the alternative, for enlargement of time in which to respond.

## STATEMENT OF FACTS

On or about February 22, 2007, Plaintiff purchased a 2007 F-250 Crewcab ("2007 F-250") from Barkhouser Motors. See Answer, Affirmative Defenses and Counterclaim of Barkhouser Motors, Inc. ("Counterclaim") at 12. Based on representations and information submitted to Benny Lee Powell, Jr. ("Powell"), a sales manager for Barkhouser Motors, subsequent to purchase Plaintiff was using the 2007 F-250 for his business. See Aff. of Powell at para. 18.

In May, 2007, Plaintiff informed Powell that his 2007 F-250 was cutting off at highway speed. See Aff. of Powell at para. 3. Even though Barkhouser Motors could not verify the existence of any defect, as a gesture of customer service, Barkhouser Motors contacted Ford regarding the possibility of Ford considering a reacquisition of the 2007 F-250 and allowing Plaintiff to select a replacement vehicle on terms consistent with Ford's reacquisition process. See Aff. of Powell at paras. 4 and 5. Ford indicated that it would proceed with a reacquisition, which, upon information and belief, Plaintiff accepted. See Counterclaim at 12 and 13.

Ford issued paperwork, the Reacquisition Vehicle Transaction Procedure ("RVTP"), which did not identify a specific vehicle to replace the 2007 F-250. See Aff. of Powell at paras. 7 and 8. Consistent with the reacquisition procedures, Barkhouser Motors worked with Plaintiff to make arrangements to order a substitute vehicle.

**Powell met with Plaintiff to assist him in choosing a replacement vehicle pursuant to Ford's terms for reacquisitions. Plaintiff had very specific requirements regarding the vehicle that he wanted as a replacement vehicle. Eventually, Plaintiff identified a 2008 white Ford F-250 ("White Truck") which Powell had to order from the factory. See Aff. of Powell at paras. 9 and 10.**

**Prior to delivery of the White Truck, on or about July 10, 2007, Plaintiff contacted Powell and told Powell that he wanted a truck immediately. Plaintiff told Powell that he no longer wanted the White Truck at all and that he had picked out a 2008 red F-250 from Barkhouser Motors' inventory ("Red Truck") to be the replacement vehicle under Ford's reacquisition procedure. See Aff. of Powell at para. 11. Based on Plaintiff's assurances related to the RVTP, he was allowed to take delivery of the Red Truck on or about July 10, 2007. See Aff. of Powell at paras. 11 and 12.**

**On or about August 10, 2007, Powell, on behalf of Barkhouser Motors, contacted Plaintiff and requested that he complete the necessary paperwork associated with the Red Truck and Ford's reacquisition process. Despite the fact that Plaintiff had identified the Red Truck for the reacquisition process, exercised acts of ownership over the truck, extensively used it during the period since early July, 2007, and damaged the Red Truck, Plaintiff indicated to Powell that he would not complete the reacquisition process with the Red Truck as the substitute vehicle. See Counterclaim at 14.**

## STANDARD OF REVIEW

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Federal Rule of Civil Procedure* ("Rule") 56(c). The party moving for summary judgment has the burden of showing the absence of any genuine issue as to any material fact, and the court must view the facts as presented in the light most favorable to the non-moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970).

> It is well settled that summary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances. Neither should summary judgment be granted if the evidence is such that conflicting inferences may be drawn therefrom, or if reasonable men might reach different conclusions.

Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co. 381 F.2d 245, 249 (4th Cir. 1967).

## ARGUMENTS AND AUTHORITIES

**There are genuine issues as to material facts regarding Plaintiff's Virginia Consumer Protection Act claim against Barkhouser Motors, and therefore, Plaintiff's Motion for Summary Judgment must fail.**

The extensive list of prohibited practices under the Virginia Consumer Protection Act (the "VCPA") is set forth in Va. Code Ann. § 59.1-200. The intent behind the VCPA is to promote fair dealings between suppliers and the consuming public. Va. Code Ann. § 59.1-197. A "supplier" is any person who advertises, solicits, or engages in consumer transactions. Va. Code Ann. § 59.1-198. A "consumer

**transaction" is one that involves goods or services used for personal, family or household purposes. Va. Code Ann. § 59.1-198. The VCPA makes unlawful forty-five enumerated "fraudulent acts" by a "supplier" in connection with a consumer transaction. Va. Code Ann. § 59.1-200. Section 59.1-200(A)(17) specifies that:**

> **The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful:**
>
> **. . .**
>
> **If a supplier enters into a written agreement with a consumer to resolve a dispute that arises in connection with a consumer transaction, failing to adhere to the terms and conditions of such an agreement.**

**The VCPA provides for a civil action by any person who suffers loss as a result of a violation of the VCPA with the right to recover actual or treble damages, reasonable attorney's fees and costs.[1] Va. Code Ann. § 59.1-204.**

**Plaintiff submits that there is no question that Barkhouser Motors violated the VCPA by failing to adhere to the terms of a written agreement to resolve a consumer dispute. In support of his position, Plaintiff relies on the document entitled "Reacquisition Vehicle Transactions Procedures ("RVTP")"[2]**

[1] Plaintiff is correct that there is no express statutory requirement that the listed prohibited practices of Va. Code Ann. § 59.1-200 be done with intent to defraud. However, the case law interpreting the VCPA has held that such an intent is necessary. See Padin v. Oyster Point Dodge, 397 F.Supp.2d 712, 722 (E.D. Va. 2005) ("In order to sustain a claim under the VCPA, a plaintiff must prove that the defendant acted with an intent to deceive or otherwise mislead, i.e., with fraudulent intent, as to a material fact on which the plaintiff relied to his detriment and which resulted in measurable damages.").

[2] Interestingly, however, Plaintiff alleges that he never received a copy of this document.

**Plaintiff's reliance on the RVTP is misplaced and the other evidence likewise before the Court fails to establish a claim under the VCPA as to Barkhouser Motors.**

**First, there is a genuine issue of material fact as to whether the VCPA applies in this case. While the credit contract referred to by the Plaintiff indicates that the 2007 F-250 was primarily for personal, family or household purposes, there is a fact issue as to whether that entry is accurate or remained accurate due to the possible change in the character of the use of the 2007 F-250 subsequent to purchase. For instance, according to Powell's Affidavit, subsequent to the purchase of the 2007 F-250, Plaintiff indicated that he used the truck for business purposes. <u>See</u> Aff. of Powell at para. 18. As indicated above, the VCPA applies to a "consumer transaction", specifically, one that involves goods used <u>primarily</u> for personal, family or household purposes. <u>See</u> Va. Code Ann. § 59.1-198 (emphasis added).**

**Similarly, even assuming that the VCPA applies, Plaintiff has failed to demonstrate the existence of a "dispute" between Plaintiff and Barkhouser Motors as contemplated by the relevant VCPA's provision. As indicated by allegation and supported by affidavit, no problems with the 2007 F-250 was ever verified to the knowledge of Barkhouser Motors. Additionally, Barkhouser Motors contacted Ford about a possible reacquisition of the 2007 F-250 as a "courtesy" to the Plaintiff. <u>See</u> Aff. of Powell at para. 5.**

**Likewise, again assuming that the VCPA is applicable, there is also an issue of fact as to the existence of a "written agreement"**

**that Barkhouser Motors entered into as a "supplier" to resolve a dispute with Burtt. The document relied on by Plaintiff was prepared by Ford and contemplates reacquisition between Ford and Plaintiff, and was not signed by Barkhouser Motors. See Ex. A to Aff. of Powell. Further, Plaintiff's own affidavit states, "Ford and I ultimately agreed that the 2007 truck would be replaced by a white 2008." See Pl. Aff. at para. 7. Plaintiff has produced no other document signed by Barkhouser Motors purporting to agree to resolve a dispute. Thus, there is a material question of fact regarding whether Barkhouser Motors ever entered into a written agreement with Plaintiff to resolve a dispute regarding a consumer transaction.**

**Finally, even assuming that the VCPA applies and there is a "written agreement" as contemplated by § 59.2-200 (17), there is a material question of fact as to the terms and conditions of such agreement. The RVTP paperwork does not specifically identify a substitute vehicle, and many of the terms appearing on the face of the RVTP itself are conditional, requiring certain actions by the customer. See Aff. of Powell at paras. 7 and 8 and Ex. A thereto. At this point, the evidence before the Court is unclear as to the satisfaction of those conditions by the plaintiff or otherwise. Thus, there is a dispute as to the material fact of what the terms of any written agreement were and how they were not followed.**

**Based on the foregoing, Plaintiff has failed to demonstrate that there are no genuine issues of material fact concerning his VCPA claim against Barkhouser Motors. When viewed in the light most favorable to the non-moving party, Barkhouser Motors, there are genuine issues of**

**material fact as to whether 1) this was a "consumer transaction", 2) a "dispute" existed between the Plaintiff and Barkhouser Motors as contemplated by the VCPA, 3) there is or was a "written" agreement between Barkhouser Motors and Plaintiff as that term is used in § 59-200 (17), 4) the terms and conditions of such "written agreement" and satisfaction of the same, and 5) fraudulent intent on the part of Barkhouser Motors in accordance with applicable law interpreting the VCPA.**

## CONCLUSION

**Based on the foregoing, partial summary judgment in favor of Plaintiff on his VCPA claim against Barkhouser Motors is inappropriate, and his motion therefore should be denied.**

**BARKHOUSER MOTORS, INC.**

**By Counsel**

**Counsel:**

**Glenn W. Pulley (VSB#15677)**
**Edward F. Hodges, Jr. (VSB#40103)**
**Amanda M. Morgan (VSB#70210)**
**CLEMENT & WHEATLEY**
**549 Main Street (24541)**
**P. O. Box 8200**
**Danville, VA 24543-8200**
**Telephone: 434/793-8200**
**Facsimile: 434/793-8436**

**By:** ***/s/ Edward F. Hodges, Jr.***

**CERTIFICATE OF SERVICE**

**I hereby certify that on the 1st day of November, 2007, a true and correct copy of the foregoing Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment Against It has been electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following:**

**Elmer Woodard, Esq.**
**824 Masonic Building**
**105 S. Union Street**
**Danville, VA 24541**

**Mike Doherty**
**WootenHart PLC**
**707 S. Jefferson St.**
**Suite 300**
**Roanoke, VA 24016**

***/s/ Edward F. Hodges, Jr.***